UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Melvin David Smith, Jr.,

        Plaintiff

  v.

State of Nevada,

        Defendant

Case No. 2:23-cv-01465-CDS-NJK

**Order Adopting Magistrate Judge's Report and Recommendation and Closing Case**

[ECF No. 7]

        Plaintiff Melvin Smith, Jr., initiated this action while detained at Clark County Detention Center (CCDC), without submitting an application to proceed *in forma pauperis* (IFP) or paying the filing fee required to bring a civil action. *See* Compl., ECF No. 1. Magistrate Judge Nancy Koppe ordered Smith, Jr. to either pay the filing fee or file an IFP application no later than May 7, 2024, but the order was returned as undeliverable. Order, ECF No. 3; Notice, ECF No. 4. Then, Judge Koppe ordered Smith, Jr. to update his address no later than April 22, 2024, but the order was also returned as undeliverable. Order, ECF No. 5; Notice, ECF No. 6. Judge Koppe recommends that this case be dismissed. R&R, ECF No. 7.

I.    **Discussion**

        Smith, Jr. had until May 8, 2024 to file any objections to the R&R. LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days); *see also* 28 U.S.C. § 636(b)(1). To date, no objections have been filed and the deadline to do so has passed.[1] The Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). I nonetheless reviewed Judge Koppe's previous orders, the R&R, and the docket

---

[1] The R&R has not yet been returned as undeliverable, but it is unlikely Smith, Jr. received it because he has not provided the court his current address.

in this matter, and find that dismissal is prudent as Smith, Jr. has failed to comply with Judge Koppe's orders.

Smith, Jr. filed his "ex parte motion" in September of 2023 while at CCDC. ECF No. 1. Seemingly by March 2024, Smith, Jr. had been released from CCDC because orders mailed to him at CCDC have been returned as undeliverable. *See* Notice, ECF Nos. 4; 6. But Smith, Jr. failed to immediately file a written notification of any change of mailing address as required by Local Rule IA 3-1. And "[f]ailure to comply with [Local Rule IA 3-1] may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." LR IA 3-1. Further, it is well established that district courts have the authority to dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 41(b); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

Here, dismissal is warranted because Smith, Jr. not only failed to comply with Judge Koppe's orders, but he also failed to comply with Local Rule IA 3-1. Thus, I adopt the R&R in its entirety and dismiss this action.

II.     Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation **[ECF No. 7] is adopted** in full. This case is dismissed without prejudice.

The Clerk of Court is kindly directed to close this case.

Dated: May 10, 2024

_____
Cristina D. Silva
United States District Judge